## Harris v. Taliaferro, et al.

(Decided May 2, 1912.)

## Appeal from Daviess Circuit Court.

Deeds—Action to Compel Specific Performance—Construction of Deed.—While the deed would be much simplified by the insertion into the granting and habendum clauses of the names of the parties instead of the words "parties of the second part," still the language is so clear and positive as to leave no doubt that it was the intention of the parties that the grantees should enjoy the property together so long as they lived, and that upon the death of either, the survivor was to take the whole. Thereafter, upon the death of the husband, the wife became the absolute owner in fee of the property, and her deed invested the appellant with the absolute fee simple title thereto, and the lower court should have adjudged his title sufficient and required appellees to accept his deed tendered.

W. FOSTER HAYS for appellant.

WATKINS & BIRKHEAD, GEORGE S. WILSON and FLOYD J. LASWELL for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

On June 8, 1911, J. A. Harris by written memorandum sold to C. H. and Georgetta Taliaferro, his wife, a certain property near Owensboro in Daviess County, Kentucky, and obligated himself for the sum of $1,500, to be paid on the installment plan, to convey said property to said Taliaferro and wife by deed of general warranty, free from incumbrance, save a certain portion of the purchase price, which it was agreed should remain a lien upon the land. After the execution of said contract the purchasers notified him that they wished to pay the cash consideration mentioned in the writing into which they had entered, and requested him to convey same according to the terms of their agreement. Pursuant to the agreement and at their request he had prepared a deed conveying said property to the purchasers in accordance with the contract. It was duly signed and acknowledged by himself and wife, according to law, and on the 20th day of June it was tendered by him to the purchaser and the cash payment therein provided for and demanded. Thereupon the defendants failed and refused to accept said deed or make the cash payment therein provided for, and, alleging that he was ready,

willing and able to make a perfect title to the said property, he instituted a suit to compel the purchasers to take it.

In their answer the defendants set up two defenses, first, they denied that the plaintiff was able to make a good and sufficient title to said property, and second, they pleaded affirmatively that the property in question had been conveyed by one H. C. Duncan and wife to J. E. Baggett and Fannie Baggett, his wife; that J. E. Baggett thereafter died, leaving two infant children under fourteen years of age, and that his wife, Fannie Baggett, had attempted to convey the entire property to the said Harris when she only owned the fee to a half thereof, and the fee to the remaining half, subject to her dower interest therein, was in her two infant children, and that for this reason the said Harris was unable to make a good and perfect title to said property and, therefore, they should not be required to take same; and they prayed that the petition be dismissed and for costs.

It appears that the defendants want the property and their only reason for refusing to accept the deed is that they were not satisfied that the plaintiff had a right to convey. His title depends upon the construction of the deed from H. C. Duncan and wife to J. E. Baggett and Fannie Baggett, his wife. So much of the deed as is material is as follows:

"This indenture made and entered into this 26th day of September, 1907, by and between H. C. Duncan and Annie L. Duncan, his wife, of Owensboro, Daviess County, Kentucky, of the first part, and J. E. Baggett and Fannie Baggett, his wife or the survivor, of Newburg, Warrick County, Indiana, of the second part, Witnesseth: That the said parties of the first part for and in consideration of the sum of fourteen hundred and forty ($1,440) dollars paid and to be paid as follows * * * has this day and does hereby grant, bargain, sell and convey unto the said parties of the second part, the following described real estate * * * to have and to hold the above described real estate and premises, together with all the rights, privileges and appurtenances thereunto belonging or in anywise appertaining, subject to the foregoing limitations, restrictions and conditions, unto the said parties of the second part, their heirs and assigns forever with a covenant of general warranty."

The question is much simplified by inserting in the

granting and habendum clauses of this deed the names of the parties in place of the words "parties of the second part." When this is done the granting clause will read as follows: "Does hereby bargain, sell and convey unto the said J. E. Baggett and Fannie Baggett, his wife, or the survivor, the following described real estate." And the habendum clause will read, "to have and to hold the above described real estate and premises * * * unto the said J. E. Baggett and Fannie Baggett, his wife, or the survivor, their heirs and assigns forever."

It may be insisted, however, that the words "or the survivor" should not be construed to be a part of the phrase "parties of the second part." But in determining who are the "parties of the second part," we look to the caption of the deed, and we there find that the "parties of the second part" are "J. E. Baggett and Fannie Baggett, his wife, or the survivor," and hence, wherever these words "party of the second part" appear in the deed thereafter, in order that the intention of the parties may be properly ascertained, the exact words which the parties used as designating the "parties of the second part" must be inserted. When this is done but little difficulty is experienced in determining the question under consideration.

Section 2143, Kentucky Statutes, provides that:

"If real estate be conveyed or devised to husband and wife, unless a right by survivorship is expressly provided for, there shall be no mutual right to the entirety by survivorship between them, but they shall take as tenants in common, and the respective moieties be subject to the respective rights of the husband or wife as herein fixed, with all other incidents to such tenancy."

Applying the provisions of this statute to the facts in the case before us, we conclude that the right of survivorship referred to in the statute is expressly provided for in this deed, for the words "or the survivor" are invariably used wherever the name of Baggett and his wife appear in said deed.

In City of Louisville v. Coleburne, 22 Rep., 64, the court had under consideration a deed conveying to Victor P. Wilson and Mary F. Wilson, his wife, certain property "for and during their natural lives, with remainder in fee unto their child or children, if any there be alive at the time of the death of the said parties of the

second part." In an elaborate opinion the court, speaking through Judge Burnam, said:

"We are of the opinion that the deed under which appellee holds comes within the exception provided by the statute, and secures to her a right by survivorship to the entire property during her natural life. * * * Her interest under this deed is a solid and not a joint tenancy. Victor P. Wilson could not in his lifetime have disposed of his interest so far as to sever the tenancy and compel a partition of the property. The right to enjoy the whole estate was an entirety belonging to each of them."

In McAllister v. Folden's Assignee, 23 Rep., 113, a conveyance was made to a man and his wife by the wife's father, the deed reciting that the conveyance was "to her and her husband during their natural lives only, and at their death the same is to revert to the legal heirs of the party of the first part." The wife died childless before her father and the question arose as to the extent of her husband's estate in the land. Upon consideration it was held that under this deed the husband took an estate for life in the entire property, the court saying:

"If we look to the intent of the grantors, by ordinary rules of construction it is obvious that the grantors did not intend, in case the husband died first, that the wife should be compelled to surrender one-half of the gifts. Whatever rule would be adopted in one event must be applicable also to the other."

In neither of the cases from which we have quoted was the intention on the part of the grantors, that the survivor should take the whole property for life, so clearly expressed as in the case at bar. Indeed, the conclusion of the court, that the grantors intended the survivor to have the whole estate for life, may be more properly said to be inferred from the facts, circumstances and relations of the parties than from the direct language used. In the case at bar neither the relationship nor the facts and circumstances out of which the conveyance grows sheds any light upon the intention or wish of the parties; but the language used is so clear and positive as to leave no doubt whatever but that it was intended by the parties that the grantees should enjoy the property together so long as they lived, and that upon the death of either the survivor

was to take the whole. This manifest intention, as stated, finds expression as often as the names of the grantees are used in said instrument.

We are of opinion that, upon the death of her husband, Mrs. Fannie Baggett became the absolute owner in fee of the entire property, and by her deed she invested her purchaser, Harris, with the absolute fee simple title thereto. The court should have adjudged his title sufficient and required appellees to accept the deed and pay for same, as per the terms of their contract.

Judgment reversed and cause remanded, with instructions that a judgment in conformity with this opinion be entered.